IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| WILLIAM ROBERT CURRY,<br><br>Plaintiff,<br><br>vs.<br><br>DONNA BENSON; ALEX VUKOVICH; RAY HOFFENBACKER,<br><br>Defendants. | Cause No. CV 19-15-BU-BMM-JCL<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Plaintiff Curry filed this action on March 5, 2019. He committed a felony DUI offense and is currently incarcerated at Crossroads Correctional Center in Shelby, Montana.

## I. Motion to Proceed In Forma Pauperis

Curry's motion adequately shows he is unable to pay, in a lump sum, the full filing fee for this action. The motion to proceed in forma pauperis will be granted. The Court will impose an initial partial filing fee of $25.00. The balance will be collected monthly from Curry's inmate trust account. *See* 28 U.S.C. § 1915(b)(1)–(2); Compl. (Doc. 2) at 2 Instruction 3.

## II. Screening

Curry is a prisoner proceeding in forma pauperis. The Court must review

his complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a).

Curry is also representing himself. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted).

### A. Curry's Claims

Curry's claims arise from a brief conversation he had with two other people, AE and BD, while all three were participating in the Warm Springs Addiction Treatment and Change Program ("WATCh"), a less-restrictive alternative to prison for felony DUI offenders. *See* Compl. Ex. 1 (Doc. 2-1 at 1). Other people were present, but Curry avers they "were having their own conversations." *Id.* Curry admits his conversation was of a sexual nature but claims it was private and ceased when BD pointed out that "it was wrong." *See id*.

Defendant Hoffenbacker placed Curry and AE in holding pending an investigation of the incident. Hoffenbacker's report stated that unidentified other people saw them "smiling and joking when passing their peers . . . continuing to think their comments were funny." *See* Compl. Ex. 2 (Doc. 2-1 at 2).

WATCh staff imposed disciplinary sanctions against Curry, who decided to

leave the program. *See* Compl. Ex. 1 (Doc. 2-1 at 1). He alleges the Defendants, who participated in the disciplinary hearing or in imposing sanctions, violated his First Amendment right to free speech. *See* Compl. (Doc. 2) at 6. He also claims the WATCh program makes "[t]he right to speak out, whether to defend yourself, or question authority . . . forbidden and punishable." Compl. App. B (Doc. 2-1 at 5).

### B. Analysis

Curry's allegations demonstrate that Defendants disciplined him for violating the rules of the program, not for speaking out in his own defense. Staff found Curry "use[d] vulgar, offensive . . . or other inappropriate language," engaged in "disrespectful behavior toward staff," and used "sexual slurs." *See* Compl. Ex. 2 (Doc. 2-1 at 2). The program's rules against vulgar or offensive language, disrespectful behavior toward staff, and sexual slurs are plainly related to legitimate penological interests in retaining staff and maintaining order. *See, e.g.*, *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

At most, Curry avers his speech was not worth disciplining and claims the evidence against him was weak or nonexistent. But he concedes he said he could not imagine having sex with a counselor. *See* Compl. Ex. 1 (Doc. 2-1 at 1). He does not challenge the rules, only the finding that he failed to comply with them.

3

The First Amendment does not give him the right to decide whether he complied with the rules, and federal courts do not retry disciplinary cases to determine whether staff findings were correct or worthwhile. Assuming that all the facts Curry alleges are true, he still fails to identify a violation of his constitutional rights.

Based on the foregoing, the Court enters the following:

## ORDER

Curry's motion for leave to proceed in forma pauperis (Doc. 1) is GRANTED.

The Court also enters the following:

## RECOMMENDATION

1. Curry's complaint should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. The docket should reflect that Curry's filing of this action counts as one strike under 28 U.S.C. § 1915(g).

3. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Curry may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Curry must immediately advise the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of this action without notice to him.

DATED this 22nd day of March, 2019.

           */s/ Jeremiah C. Lynch*
           Jeremiah C. Lynch
           United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.