IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| WILLIAM ROBERT CURRY, <br><br> Plaintiff, <br><br> vs. <br><br> DONNA BENSON; ALEX VKOVICH; RAY HOFFENBACKER, <br><br> Defendants. | CV 19–15–BU–BMM–JCL <br><br> ORDER |

Plaintiff William Robert Curry filed this action on March 5, 2019. (Doc. 2.) Curry is a prisoner proceeding in forma pauperis so Magistrate Judge Jeremiah Lynch reviewed his Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon

-1-

which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Further, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Judge Lynch entered his Findings and Recommendations in this case on March 22, 2019. (Doc. 6.) Judge Lynch recommended that Curry's complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted. *Id.* at 6.

Curry timely filed an objection on April 8, 2019. (Doc. 8.) The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations not specifically objected to. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). Where a party's objections constitute perfunctory responses argued in an attempt to engage the

district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Curry's objection demonstrates a reargument of the same First Amendment allegation that Curry brought forth in his original Complaint. Curry also fails to direct a legal argument and supporting authority that at any part of Judge Lynch's Findings and Recommendations. The Court will therefore review Judge Lynch's Findings and Recommendations for clear error. The Court finds no clear error in Judge Lynch's Findings and Recommendations.

**ACCORDINGLY, IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 6) are **ADOPTED IN FULL.**

**IT IS FURTHER ORDERED** that Curry's Complaint (Doc. 2) is **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that the docket shall reflect that Curry's filing of this action counts as one strike under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court certifies that pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), any appeal from this disposition would not be taken in good faith.

DATED this 9th day of April, 2019.

Brian Morris
United States District Court Judge